United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sinclair & Wilde, Ltd., Plaintiff, ⟩ ⟩ | |
| v. ⟩ ⟩ ⟩ | Civil Action No. 20-20304-Civ-Scola |
| TWA International, Inc. and others, ⟩ Defendants. ⟩ | |

### Order Denying the Defendants' Motion to Dismiss

Now before the Court the Defendants' motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, the Court **denies** the motion to dismiss (**ECF No. 13**) filed by the Defendants TWA International, Inc. ("TWA") and Carlos Villarrutia.

### 1. Background

The Plaintiff Sinclair & Wilde, Ltd. ("Sinclair") filed suit against the Defendants for breaking an agreement to lease an aircraft. Now the Defendants move to dismiss the complaint, arguing that this Court lacks personal jurisdiction over the Defendants. The Court notes that the Defendants failed to file a reply in support of their motion to dismiss.

Sinclair is incorporated in the state of Delaware and its principal place of business is in New York. (ECF No. 10 at ¶ 6.) Sinclair is a global strategic advisory firm that offers a range of consulting services to its customers all over the world. (*Id.* at ¶¶ 1-2.) Sinclair negotiated a lease of an aircraft from TWA, a Wyoming company that sells and leases aircrafts. (*Id.* at ¶ 14.) The leased aircraft's first flight was scheduled to depart from Miami to Europe in August of 2019. (*Id.* at ¶ 25-26.) After paying the Defendants $330,0000.00 for the six-month aircraft lease, the Defendants failed to timely deliver the leased aircraft in Miami, Florida. (*Id.* at ¶ 27.) Since then, the Defendants have refused to return the $330,000 to Sinclair. (*Id.* at ¶ 32.) Carlos Villarrutia, a citizen of Texas, and Eduardo Nunez, a citizen of Mexico, were named as individual defendants. (*Id.* at ¶¶ 8-9.)

The Plaintiff alleges that the Defendants never intended to deliver the leased aircraft and that they intended to steal the $330,000 from the. Since August of 2019, the Defendants sold the aircraft to a third party and have nevertheless refused the return the money to Sinclair. (*Id.* at ¶ 31.)

### 2. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. "A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323-24 (M.D. Fla. 2011). To withstand a motion to dismiss, the plaintiff must plead sufficient facts to establish a prima facie case of jurisdiction over the non-resident defendant's person. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010).

"Whether the court has personal jurisdiction over a defendant is governed by a two-part analysis." *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324. First, the court must determine whether the applicable state long-arm statute is satisfied. *Future Tech. Today*, 218 F.3d at 1249. "When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998); *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). Second, if the state long-arm statute is satisfied, the court must analyze "whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice." *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324; *Sculptchair, Inc. v. Century Arts*, 94 F.3d 623, 626 (11th Cir. 1996).

### 3. Analysis

#### A. Florida's Long-Arm Statute Authorizes the Court to Exercise Jurisdiction Over the Defendants.

A defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida; and, second, section 48.193(2) provides that Florida courts may exercise general personal jurisdiction—that is, jurisdiction over any claims against a defendant, regardless of whether they involve the defendant's activities in Florida—if the defendant engages in "substantial and not isolated activity" in Florida. *See Carmouche v. Tamborlee Management, Inc.*, 789 F.3d 1201, 1203–1204 (11th Cir. 2015). Here, Sinclair argues that the Court has specific jurisdiction over the Defendants pursuant to § 48.193(1)(a)(7), Florida Statutes.

Section 48.193(1)(a)(7) provides that a person or entity who "breach[es] a contract in this state by failing to perform acts required by the contract to be performed in this state" is subject to personal jurisdiction of courts in Florida.

Fla. Stat. § 48.193(1)(a)(7). "This provision means that there must exist a duty to perform an act *in Florida*." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1218 (11th Cir. 1999) (determining that this provision of the long-arm statute does not apply because no acts needed to be performed in Florida and duty to tender performance to Florida resident was not enough).

Here, the Defendants failed to deliver the leased aircraft to Sinclair in Miami as required by the contract. This failure to deliver the leased aircraft in Miami allegedly constitutes a breach of the parties' contract. Because the contract imposed a duty on the Defendants to perform an act in Florida—to deliver the aircraft in Miami—and because the Defendants failed to fulfill that duty, the Court has jurisdiction over the Defendants under § 48.193(1)(a)(7). *See Pacific Coral Shrimp v. Bryant Fisheries*, 844 F. Supp. 1546, 1548-49 (S.D. Fla. 1994) (King, J.) (finding jurisdiction under (1)(g) [now (1)(a)(7)] because buyer breached promise to pay for goods in Florida); *Groome v. Feyh*, 651 F. Supp. 249, 252 (S.D. Fla. 1986) (Gonzalez, J.) (no (1)(g) jurisdiction where no indication that duty allegedly breached (delivery) was to be performed in Florida).

### B. The Court's Exercise of Jurisdiction Over the Defendants Complies with Due Process.

After ensuring personal jurisdiction under the forum state's long-arm statute, the Court must next ensure that invoking personal jurisdiction would not violate the Defendants' Due Process rights.  The Eleventh Circuit uses a three-part due process test:

> (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum;

> (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and

> (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

*Louis Vuitton*, 736 F.3d at 1355 (internal quotation marks omitted).  "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.*

As to the first prong (arising out of or relatedness) a court should "focus on the direct causal relationship between the defendant, the forum, and the litigation." *Id.* at 1355–56.  TWA and Villarrutia both contracted with the Plaintiff to perform the delivery of the aircraft in Florida, and it is the breach of this

contract that is the subject of this litigation. The litigation arises out of the Defendants failure to deliver the aircraft to the Plaintiff in Florida, and therefore, the forum is sufficiently related to the litigation.

As to the second prong (purposeful availment) a court may apply the traditional minimum-contacts test. "[W]hen inspecting a contractual relationship for minimal contacts, we follow a 'highly realistic approach' that focuses on the substance of the transaction: prior negotiations, contemplated future consequences, the terms of the contract, and the actual course of dealing." *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1268 (11th Cir. 2010). "The focus must always be on the *nonresident defendant's* conduct, that is, whether the defendant deliberately engaged in significant activities within a state or created continuing obligations with residents of the forum." *Id.* "This focus ensures that a defendant will not be subject to jurisdiction based solely on 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.* (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Here, the Defendants negotiated a contract that required future contact with the forum. The terms of the contract and the future consequences of those terms required performance of the contract in Miami. (ECF No. 10 at ¶ 27.) This is sufficient to satisfy purposeful availment with the forum. *See Diamond Crystal Brands, Inc.*, 593 F.3d at 1269 ("A contract calling for payment and delivery in a forum requires 'contact' with the forum"); *S & Davis Int'l, Inc. v. Yemen*, 218 F.3d 292, 1305 (11th Cir. 2000) ("Performance logically required contact and interaction with the United States, as discussed in the contract (such as designating a U.S. bank for payment and a point of departure for shipping)").

As to the third prong (fair play and substantial justice), a court may hold that exercise of jurisdiction violates due process if a defendant makes a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice. The Defendants have failed to make a compelling case. The Defendants argue that the Courts exercise of jurisdiction would violate fair play and substantial justice because the Defendants are unduly burdened by litigating in Florida because they are citizens of other states and because Florida has no interest in this dispute. However, both have obtained Florida counsel, and, as TWA is from Wyoming and Villarrutia is from Texas, at least one of the Defendants will need to litigate in a different state no matter where it is litigated. Additionally, Florida has an interest in litigating this dispute because to ensure these violations of law do not occur in Florida and because "the alleged harm to Plaintiff has been felt in Florida." *Sutherland v. SATO Global Solutions, Inc.*, 2018 WL 3109627, *6 (S.D. Fla. Apr. 10, 2018) (Dimitrouleas, J.) (jurisdiction complied with due process when non-resident defendant breached contract in Florida).

**C. Venue is Proper.**

Venue is proper under 28 U.S.C. § 1391(b), which allows a plaintiff to file a civil action in which "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The parties' contract was to be performed in Miami, Florida. And since delivery did not occur, the omission giving rise to this suit should have occurred in Miami. Moreover, the venue provision also provides that "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action." 28 U.S.C. § 1391(b). So even if, as the Defendants argue, venue is not proper because a substantial part of the events or omissions giving rise to the claim did not occur in Florida, venue is still proper under section 1391(3). The Defendants' argument that venue in the Southern District of Florida is meritless, and the Court will not dismiss the case for this reason.

**4. Conclusion**

In sum, the Court **denies** the Defendants' motion to dismiss the case for lack of personal jurisdiction (**ECF No. 13**).

**Done and ordered** in chambers, at Miami, Florida on April 21, 2020.

Robert N. Scola, Jr.
United States District Judge